MORRIS v. TIMMER.

1. MASTER AND SERVANT—SAFE PLACE TO WORK—NEGLIGENCE.
   Where boards were available for the use of an employee
   to place across the tops of cases of bottles of soft drinks
   in taking them down for loading for delivery, but the
   employee failed to use them for said purpose, and was
   injured, the employer was not negligent in not furnishing
   more boards for said purpose, on the theory that he failed
   to furnish a safe place to work.

2. SAME—EMPLOYER NOT LIABLE WHERE PROXIMATE CAUSE WAS
   NEGLIGENCE OF EMPLOYEE.
   While contributory negligence of an employee is no longer
   available to an employer who has not come under the
   workmen's compensation act, where there is no negligence
   · of the employer established, and the sole, proximate cause
   of an accident is the negligence of the employee, he may
   not recover for injuries received.

Error to Kent; Dunham (Major L.), J.    Submitted
June 22, 1928.    (Docket No. 147, Calendar No.
33,853.)    Decided July 24, 1928.

Case by Virgil W. Morris against Frank J. Timmer
for personal injuries.    Judgment for defendant on a
directed verdict.    Plaintiff brings error.    Affirmed.

*Cornelius Hoffius* and *Dorr Kuizema*, for appellant.

*Bartel J. Jonkman*, for appellee.

FELLOWS, J.    Defendant is a jobber in near beer
and other soft drinks.    The bottles come in cases
about 20 inches long, a foot wide, and a foot high; some
of the cases have tops on them; some have not.    When
the cases are brought into the storage room they are
piled up one on top of another, those next to the wall

being 12 cases high; other tiers vary in height, so that workmen taking the cases out to the trucks for delivery have a sort of a stair arrangement to reach those higher up. The morning after the Fourth, 1927, plaintiff, in taking down cases for his delivery that day, mounted to the top of a stack of six cases and stood with his feet resting on the tops of the bottles, when he somewhat lost his balance, one of his feet slipped in between the bottles, resulting in a serious wrench to his knee. Defendant was not operating under the workmen's compensation act, and this common-law action for negligence was brought, it being charged that defendant failed to provide a safe place to work, in that he did not provide boards or other contrivance to place across the top cases, or did not provide a stepladder to reach the higher cases. Plaintiff's testimony, however, showed that the first day there were boards there and he used them in the presence of defendant to stand on; that they had recently been used by him and another workman under the cases to brace them, but that there were cases there with tops on them upon which he could have safely stood; that he did not take the time to use them although it would have taken but a short time. We quote some of his testimony:

"There were two boards there. Those boards were about 10 feet long, 8 or 10. One of them was about 6 inches wide and the other one was about 12 or 14. I don't know what they were there for. They were there when Mr. Timmer rented the building.

"Q. Didn't you see them used?

"A. No, sir; we used them—I say 'no, sir,' I meant 'yes, sir;' we used them once when Mr. Timmer and I put in a car load alone.

"Q. That is the time they were used?

"A. That is the time they were used, yes.

"Q. Who used them at that time?

"A. I did.

243—Mich.—33.

"*Q.* What did you use them for?

"*A.* To stand on. * * *

"*Q.* And Mr. Timmer was right there?

"*A.* Yes.

"*Q.* And that is the first car load you unloaded?

"*A.* Yes. * * * I proposed using those boards myself. * * * I will swear those two boards were under the cases on the 5th day of July, 1927. I am pretty sure they were. I will swear they were there. We put them there as we unloaded the last car load of goods. I can't say the date. Somewheres near the fourth, because we had to work to get them unloaded, they needed the beer. I couldn't say which tier they were on."

He testified that there were cases with tops on that he could have used to stand on, and he could have easily placed them on top for that purpose. We quote further from his testimony:

"If I had taken the top row of cases off from that sixth tier, the cases without tops, and then set cases in the place of them with tops on, I would have had a good footing. I did not take the time to do that that morning. * * *

"*Q.* How long would it take you to take the upper top of ten cases off from that sixth tier below. One upper tier so there would be only five left on the first tier?

"*A.* It would take only a second, and I had to carry those cases out anyway.

"*Q.* If after that you had gone to work and taken the cases with tops on and set those on top of these five tiers in place of the one had taken off, how long would that take?

"*A.* A minute. * * * If I had one board across the cases, I think it would have rocked, but I would not have got my foot caught in between the bottles; I might have fell. And it was my getting my foot caught in between the bottles that caused my knee to be wrenched. If I had taken some other cases with tops on and placed those on that tier and stood on those, I would not have got my foot caught in the

bottles or between the bottles.    And I would not have wrenched my knee."

There was no testimony that defendant furnished the boards for use on the top of the cases, but they were there and were available and were used for such purpose by plaintiff in defendant's presence.    It is difficult to perceive that defendant was negligent in not furnishing more boards.    They were used by the workmen temporarily for another purpose, but there were plenty of cases with tops on them which were available for the same purpose, and these were not used by plaintiff on the morning in question because he was in a hurry.    While contributory negligence of plaintiff is no longer available to an employer who has not come under the workmen's compensation act, where there is no negligence of the employer established and the sole, the proximate cause of the accident is the negligence of the plaintiff, he may not recover.

The judgment for defendant will be affirmed.

FEAD, C. J., and NORTH, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.